# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EDWARD BRUNO GARCIA,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No: 8:16-cv-1620-T-30TGW
Crim. Case No: 8:06-cr-111-T-30TGW

## **ORDER**

Petitioner was sentenced as a career offender and armed career criminal based on his prior convictions. Petitioner now argues his armed career criminal designation is unconstitutional because two of the convictions relied on the now-invalidated residual clause of the definition of "violent felony" under the Armed Career Criminal Act (the "ACCA"). And Petitioner argues the remaining felonies are not "serious drug offenses" that occurred on separate occasions, so he cannot be sentenced as an armed career criminal. The Government argues this claim was procedurally defaulted. Because Petitioner has not shown that his armed career criminal designation relied on the residual clause, and because Petitioner has not shown cause why he could not have challenged the serious drug offenses at sentencing or on direct appeal, the Court concludes Petitioner's Motion must be denied.[1]

---

[1] In reaching this conclusion, the Court considered Petitioner's Motion to Vacate Sentence (CV Doc. 1), memorandum in support (CV Doc. 12), the Government's response (CV Doc. 16), Petitioner's reply (CV Doc. 19), the Government's sur-reply (CV Doc. 23), and the record in the criminal case.

## BACKGROUND

Petitioner was indicted in March 2006 for conspiracy to distribute and possession with intent to distribute cocaine and MDMA (count one), for aiding and abetting Jose Perez in knowingly and intentionally possessing with intent to distribute MDMA (count two), and for being a convicted felon in possession of ammunition (count three). (CR Doc. 17). Petitioner pled guilty to counts one and three, and count two was dismissed. (CR Docs. 50 and 60). On December 14, 2006, the Court entered judgment against Petitioner and sentenced him to 200 months' imprisonment on counts one and three, with the sentences to run concurrently. (CR Doc. 79). The Court also sentenced Petitioner to eight years' and five years' supervised release on counts one and three respectively. (CR Doc. 79).

The Court's sentence was imposed after consideration of the PSR, which recommended Petitioner be sentenced as an armed career criminal, under 18 U.S.C. section 924(e), and as a career offender, under USSG section 4B1.1. Because Petitioner's prior convictions are relevant to these enhancements, the Court will set them out here in full:

| Case No.[2] | Offense | Date of Offense |
| --- | --- | --- |
| 94-CF-001406 | Burglary of a Structure | 2/1/1994 |
| 94-CF-006517 | Carrying a Concealed Firearm | 5/19/1994 |
| 94-CF-009859 | Possession of Cocaine with Intent to Sell/Deliver | 8/24/1994 |
| 96-CF-007437 | RICO | 1/1/1995 to 7/1/1996 |
| | Conspiracy to Commit RICO | 1/1/1995 to 7/1/1996 |
| | Conspiracy to Traffic in Cocaine | 1/1/1995 to 7/1/1996 |
| | Conspiracy to Traffic in Cannabis | 1/1/1995 to 7/1/1996 |
| | Possession of MDMA with Intent to Sell/Deliver | 6/26/1996 |
| 96-CF-015940 | Trafficking in Cocaine | 10/18/1996 |

---

[2] All of the case numbers refer to cases in the Thirteenth Judicial Circuit of Florida.

2

(CR Doc. 96). The PSR provides that the convictions in cases 94-CF-009859, 96-CF-007437, and 96-CF-015940 (the "PSR Cases") were relied on as the qualifying prior convictions to enhance Petitioner's sentence. (CR Doc. 96, ¶ 48). Petitioner did not object to the PSR (CR Doc. 92, 4:13–19), and did not appeal.

Within a year of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioner filed this Motion. In it, Petitioner argues his armed career criminal sentence is unconstitutional because his "convictions for burglary of a structure and carrying a concealed firearm no longer qualify as 'violent felonies.'" (CV Doc. 12, p. 3). And, Petitioner argues, he does not have three other qualifying offenses that occurred on separate occasions. Petitioner does not challenge his career offender designation.

## **DISCUSSION**

The Court concludes Petitioner's Motion must be denied because his claim was procedurally defaulted. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if "'a constitutional violation has probably resulted in the conviction of

one who is actually innocent.' " *Id.* (citations omitted). Petitioner argues his claim is not defaulted because the first exception applies.

As to the cause prong, Petitioner argues that his claim in the Motion—that his burglary and carrying a concealed firearm convictions do not qualify as "violent felonies"—was not reasonably available to him at sentencing or within time to file a direct appeal because the *Johnson* decision had not yet been issued. But this claim rests on an unproved premise: namely, that the burglary and carrying a concealed firearm convictions were considered as predicate convictions for his armed career criminal designation. The Court finds no support for such a conclusion in the record.

In determining that Petitioner qualified for an enhanced sentence, the PSR detailed the convictions it considered. The pertinent portion of the PSR provides:

> 48. **Chapter Four Enhancements:** The defendant is subject to an enhanced sentence under the provisions of 18 U.S.C. §924(e). USSG §2K2.1, Application Note (14) provides that, "A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. **§924(e)** is an Armed Career Criminal." Thus, pursuant to the provisions of USSG §4B1.4(a), the defendant is an armed career criminal. Pursuant to the provisions of USSG §4B1.4(b)(3)(B), the base offense level for an armed career criminal is **34** when the defendant used or possessed the firearm or ammunition in connection with either a crime of violence or a controlled substance offense. In the instant offense, the defendant possessed the firearm in relation to his February **27, 2006,** transaction of **600** MDMA tablets with Perez. The defendant is also a career offender as defined in USSG §4B1.1. He was age 32 when he committed the instant offense; Count One of the Indictment is a felony controlled substance offense; and the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense. <u>These offenses consist of convictions for felony controlled substance offenses on April 10, 1995 (94-CF-9859); and September 16, 1997 (96-CF-7437 and CRC96-15940CFAWS)</u>. Since the statutory maximum for the controlled substance conviction is life imprisonment after the Government's Information And Notice Of Prior Convictions, pursuant to the provisions of Title 21, United States Code, Section 851(b), is considered, the

4

>total offense level applicable to the career offender enhancement becomes **37.** USSG §4B1.4(b) calculates the armed career criminal offense level as the greatest of: (1) the offense level applicable from Chapter Two **(28);** (2) the offense level from the career offender enhancement *(37)* or; (3) *34* when the defendant used or possessed the firearm or ammunition in connection with either a crime of violence or a controlled substance offense. The greatest of these offense levels is that computed from the career offender enhancement *(37).* Therefore, in accordance with the provisions of USSG §4B1.4(b)(2), the total offense level becomes *37.*

(CR Doc. 96, ¶ 48) (underline added for emphasis). Petitioner's convictions for burglary and carrying a concealed firearm were not in any of the cases listed in this paragraph.[3]

There are two conclusions that can be drawn from this information. The first is that the PSR Cases in the underlined sentence above formed the sole basis for Petitioner's enhanced sentence, which means the burglary and carrying a concealed firearm conviction were not considered.[4] The second conclusion is that the PSR Cases above related only to the career offender enhancement, and that the PSR was silent as to what convictions formed the basis of the armed career criminal enhancement. Either conclusion requires the Court to reach the same result.

If the PSR Cases were the sole bases for Petitioner's enhanced sentence, then the *Johnson* decision is inapplicable. The *Johnson* decision invalidated the residual clause of the definition of "violent felony" in the ACCA in section 924(e)(1)(2)(B). *Johnson*, 135 S. Ct. 2551, 2563. The PSR Cases, though, contain "serious drug offenses" defined in section

---

[3] The sentencing transcript provides no additional information about the ACCA sentence.

[4] The Court finds support for this conclusion in the record. The Information and Notice of Prior Convictions (CR Doc. 35) only lists convictions from the PSR Cases and does not include the burglary conviction or carrying a concealed firearm conviction.

924(e)(1)(2)(A). As such, *Johnson* had no bearing on the convictions that formed the basis of Petitioner's enhanced sentence, and Petitioner's claim is without merit. This would also mean that there was no cause why Petitioner could not have objected to the armed career criminal enhancement at the time of sentencing.

Similarly, Petitioner would not be able to show cause if the PSR was silent as to what convictions formed the basis of the armed career criminal enhancement for two reasons. First, Petitioner did not object at the time of sentencing or appeal the fact that the PSR failed to state the basis for the armed career criminal enhancement. And second, Petitioner cannot show that the armed career criminal designation was not based solely on the serious drug offenses in the PSR Cases. Put another way, Petitioner has not shown his armed career criminal designation actually relied on the burglary and carrying a concealed firearm convictions. Because Petitioner cannot show that his armed career criminal designation was based on convictions relying on the now-invalid residual clause, Petitioner cannot show that his sentence is unconstitutional under *Johnson*, and, therefore, is not entitled to bring this claim.

This dovetails back to the heart of Petitioner's Motion, which relies on *Johnson* to open the door so Petitioner can attack his prior drug convictions under *Mathis v. United States*, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016).[5] A claim based solely on *Mathis*, though, does not allow Petitioner to file an untimely section 2255 motion. *United States v. Taylor*,

---

[5] The gist of Petitioner's argument is that convictions under section 893.135, Florida Statutes, cannot be "serious drug offenses" after *Mathis* because it includes purchase as an alternate means of violating the statute. The Court expresses no opinion on that argument.

No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). The Court concludes Petitioner has not shown cause to attack his sentence under *Mathis* because he failed to first establish that his sentence is now unconstitutional under *Johnson*.

The Court also notes that removing the armed career criminal designation would have no effect on Petitioner's sentence. As explained in the PSR, Petitioner's offense level of 37 was not based on the armed career criminal designation, but was instead based upon his status as a career offender. (CR. Doc 96, ¶ 48). Petitioner has not challenged the career offender designation, so his offense level would remain the same regardless of whether he was designated an armed career criminal on count three. As such, the Court concludes that Petitioner's overall sentence would be legal even if his claim were not defaulted.

## **CONCLUSION**

Petitioner claims he lacks three "serious drug offenses" that occurred on separate occasions, so his armed career criminal designation is unconstitutional. Petitioner could have raised this argument at sentencing or on direct appeal, but failed to do so. Petitioner cannot now bring this argument without first establishing that his armed career criminal designation resulted from reliance on the now invalidated residual clause of the "violent felony" definition, a burden which Petitioner has not met. As such, the Court concludes Petitioner's argument was procedurally defaulted, and his Motion should be denied.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Petitioner's Motion (CV Doc. 1) is DENIED.
2. All pending motions are denied as moot.

3. The Clerk is directed to close this case.

4. The Clerk is also directed to terminate as pending Doc. 90 in Petitioner criminal case, case number 8:06-cr-111-T-30TGW.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of March, 2017.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record