# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EDWARD BRUNO GARCIA,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No: 8:16-cv-1620-T-30TGW
Crim. Case No: 8:06-cr-111-T-30TGW

## **ORDER**

THIS CAUSE comes before the Court on Petitioner's Unopposed Motion for Indicative Ruling (CV Doc. 27). In the Motion, Petitioner asks for an indicative ruling of whether the Court would reconsider its denial of Petitioner's section 2255 motion (CV Doc. 1) by either granting the motion or clarifying the reason for the denial.[1] The basis of this request is on an alleged error in the Court's Order denying the section 2255 motion (CV. Doc. 24), in which the Court referred to Petitioner's conviction in Florida case number 94-CF-9859 as possession of cocaine with intent to distribute instead of simply possession of cocaine.

The Court denies the Motion for Indicative Ruling because the reasoning in the prior Order was clear regardless of any alleged error. As explained, the Court denied Petitioner's motion because, as indicated in the PSR, Petitioner's ACCA enhancement was not based on the residual clause invalidated by *Johnson v. United States*, 135 S. Ct. 2551 (2015).

---

[1] A motion for reconsideration was not filed because Petitioner already appealed the denial of his section 2255 motion and that appeal was docketed by the Eleventh Circuit.

Instead, Petitioner's ACCA enhancement was based on his conviction for serious drug offenses in cases 94-CF-009859, 96-CF-007437, and 96-CF-015940. To the extent Petitioner is now arguing that the convictions in those cases do not qualify as serious drug offenses or that multiple offenses in a single case did not serve as predicate offenses, those arguments were procedurally defaulted.[2] As such, the Court concludes no clarification is necessary.

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's Unopposed Motion for Indicative Ruling (CV Doc. 27) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of June, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[2] As the Court explained in its prior Order:

> This dovetails back to the heart of Petitioner's Motion, which relies on *Johnson* to open the door so Petitioner can attack his prior drug convictions under *Mathis v. United States*, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016). A claim based solely on *Mathis*, though, does not allow Petitioner to file an untimely section 2255 motion. *United States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). The Court concludes Petitioner has not shown cause to attack his sentence under *Mathis* because he failed to first establish that his sentence is now unconstitutional under *Johnson*.

(Doc. 24).