# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EDWARD BRUNO GARCIA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No: 8:16-cv-1620-T-30TGW
Crim. Case No: 8:06-cr-111-T-30TGW

## ORDER

THIS CAUSE comes before the Court on Petitioner's Motion for Certificate of Appealability (Doc. 30). In the Motion, Petitioner requests a Certificate of Appealability ("COA") on three issues: (1) whether Petitioner must show his sentence *may* have relied on the invalidated residual clause of the Armed Career Criminal Act ("ACCA"), or whether he must show it actually relied on the residual clause; (2) whether Petitioner can show cause and prejudice for procedurally defaulting his claim that his ACCA sentence is unconstitutional; and (3) whether Petitioner was unconstitutionally sentenced above the statutory maximum for his conviction of possession of a firearm by a convicted felon. The Court concludes Petitioner is entitled to a COA on the first issue.

## PROCEDURAL HISTORY

Petitioner was indicted in March 2006 for conspiracy to distribute and possession with intent to distribute cocaine and MDMA (count one), for aiding and abetting Jose Perez in knowingly and intentionally possessing with intent to distribute MDMA (count two),

and for being a convicted felon in possession of ammunition (count three). (CR Doc. 17). Petitioner pled guilty to counts one and three, and count two was dismissed. (CR Docs. 50 and 60). On December 14, 2006, the Court entered judgment against Petitioner and sentenced him to 200 months' imprisonment on counts one and three, with the sentences to run concurrently. (CR Doc. 79). The Court also sentenced Petitioner to eight years' and five years' supervised release on counts one and three respectively. (CR Doc. 79).

The Court's sentence was imposed after consideration of the PSR, which recommended Petitioner be sentenced as an armed career criminal, under 18 U.S.C. section 924(e), and as a career offender, under USSG section 4B1.1. Because Petitioner's prior convictions are relevant to these enhancements, the Court will set them out here in full:

| Case No.[1] | Offense | Date of Offense |
|---|---|---|
| 94-CF-001406 | Burglary of a Structure | 2/1/1994 |
| 94-CF-006517 | Carrying a Concealed Firearm | 5/19/1994 |
| 94-CF-009859 | Possession of Cocaine[2] | 8/24/1994 |
| 96-CF-007437 | RICO | 1/1/1995 to 7/1/1996 |
| | Conspiracy to Commit RICO | 1/1/1995 to 7/1/1996 |
| | Conspiracy to Traffic in Cocaine | 1/1/1995 to 7/1/1996 |
| | Conspiracy to Traffic in Cannabis | 1/1/1995 to 7/1/1996 |
| | Possession of MDMA with Intent to Sell/Deliver | 6/26/1996 |
| 96-CF-015940 | Trafficking in Cocaine | 10/18/1996 |

(CR Doc. 96). The PSR provided that the convictions in cases 94-CF-009859, 96-CF-007437, and 96-CF-015940 (the "PSR Cases") were relied on as the qualifying prior

---

[1] All of the case numbers refer to cases in the Thirteenth Judicial Circuit of Florida.

[2] In its prior order, the Court mistakenly listed this conviction as Possession of Cocaine with Intent to Sell/Deliver. But that mistake had no bearing on the Court's ruling and rationale.

convictions to enhance Petitioner's sentence. (CR Doc. 96, ¶ 48). Petitioner did not object to the PSR (CR Doc. 92, 4:13–19), and did not appeal.

Within a year of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioner filed his section 2255 motion. In it, Petitioner argued his armed career criminal sentence is unconstitutional because his "convictions for burglary of a structure and carrying a concealed firearm no longer qualify as 'violent felonies.'" (CV Doc. 12, p. 3). And, Petitioner argued, he does not have three other qualifying offenses that occurred on separate occasions. Petitioner did not challenge his career offender designation.

After considering the motion, the Government's response, a reply, and sur-reply, the Court denied Petitioner's motion. The Court's reasoning was two-fold: First, Petitioner had not demonstrated that his armed career criminal sentence actually relied on his convictions for burglary of a structure or carrying a concealed firearm. Second, Petitioner had procedurally defaulted his ability to challenge whether his multiple serious drug offense convictions could serve as the predicate ACCA convictions, and he could not demonstrate cause for the procedural default.[3] When discussing the procedural default, the Court explained that the thrust of Petitioner's arguments were based on *Mathis v. United States*, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), which is not a basis to file a section 2255 motion more than a year after his sentence became final. Finally, the Court noted that

---

[3] The Court did not address the prejudice prong of Petitioner's argued exception to the procedural default rule.

removing the ACCA designation would have no effect on Petitioner's sentence because his offense level was based on his career offender designation, which Petitioner did not challenge.

## **DISCUSSION**

A COA is required to appeal a final order in a proceeding under 28 U.S.C. section 2255. To obtain a COA, a section 2255 movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2). The movant satisfies this requirement by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or that the issues "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having considered Petitioner's request, the Court concludes Petitioner is entitled to a COA for the first issue he raises.

### **A. Whether Petitioner Has Burden to Show His Sentence May Have or Actually Relied on Invalidated ACCA Residual Clause**

The Court concludes Petitioner is entitled to a COA on the issue of what his burden of proof is in his section 2255 motion. The Eleventh Circuit has issued conflicting opinions about what a section 2255 petitioner must prove. In *In re Moore*, 830 F.3d 1268, 1273 (11th Cir. 2016), the Eleventh Circuit explained:

> [T]he district court cannot grant relief in a § 2255 proceeding unless the movant meets his burden of showing that he is entitled to relief, and in this context the movant cannot meet that burden unless he proves that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence. If the district court cannot determine whether the residual clause was used in sentencing and affected the final sentence—if the court cannot tell one way or the other—the district court must deny the § 2255 motion. It must do so because the movant will have failed to carry his

4

burden of showing all that is necessary to warrant § 2255 relief.

This opinion is in line with this Court's reasoning on the issue. Contrarily, though, another panel of the Eleventh Circuit explained less than a week later in *In re Chance*, 831 F.3d 1335, 1338–42 (11th Cir. 2016), that it believed the *In re Moore* dicta was wrong. Because of this split within the Eleventh Circuit, it is obvious that reasonable jurists would find the Court's reliance on *In re Chance*'s reasoning debatable. As such, Petitioner is entitled to a COA on this issue.

### B. Whether Petitioner Can Show Cause and Prejudice for Procedurally Defaulting His Challenge to His ACCA Sentence

The Court concludes Petitioner is not entitled to a COA on this issue because it is inapplicable to this case. Petitioner argues that "reasonable jurists can debate whether Mr. Garcia can show cause for his default, because the legal basis of his claim was unavailable at the time for filing his direct appeal." (CV Doc. 30, p. 10). Petitioner goes on to argue that his claim was not available because, until *Johnson*, "no court had held the residual clause void for vagueness, and the Supreme Court had twice rejected such challenges." (CV Doc. 30, p. 11). But the Court's Order denying Petitioner's section 2255 motion did not say Petitioner could not show cause for procedurally defaulting his *Johnson* claim. Rather, the Order stated (1) Petitioner had not demonstrated he had a *Johnson* claim; and (2) Petitioner had procedurally defaulted his ability to challenge whether his multiple serious drug offense convictions could serve as the predicate convictions for his ACCA sentence. The Court's procedural default ruling, therefore, did not concern Petitioner's *Johnson* claim. Thus, no COA should be issued.

### C. Whether Petitioner Was Sentenced above the Statutory Maximum for His Possession of a Firearm by Convicted Felon Conviction

The Court concludes Petitioner is not entitled to a COA on his third issue because the Court did not address it in its Order denying Petitioner's section 2255 motion. Petitioner's third issue essentially re-argues the merits of the section 2255 motion. Specifically, Petitioner argues that reasonable jurists could debate whether Petitioner's remaining convictions can serve as sufficient predicate offenses for Petitioner's ACCA sentence. But as explained above, the Court did not get to that part of the analysis in its Order. Instead, the Court denied Petitioner's section 2255 motion because (1) Petitioner had not demonstrated he had a *Johnson* claim; and (2) Petitioner had procedurally defaulted his ability to challenge whether his multiple serious drug offense convictions[4] could serve as the predicate convictions for his ACCA sentence. While the Court believes that guidance from the Eleventh Circuit on the issues Petitioner raises would be useful, the Court does not believe it appropriate to issue a COA for issues unrelated to the reasoning in its Order.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Petitioner's Motion for Certificate of Appealability (Doc. 30) is GRANTED IN PART.

---

[4] The Court understands Petitioner's argument is that his other convictions, except one, do not qualify as serious drug offenses. But his remaining convictions were ACCA predicate offenses at the time he was sentenced based on binding case law from the Eleventh Circuit. And unless the Eleventh Circuit disapproves of this Court's conclusion as to Petitioner's burden, he would have no basis to challenge whether his convictions are serious drug offenses 10 years after his sentence became final.

2. Petitioner is entitled to a Certificate of Appealability as to whether Petitioner has the burden to show his armed career criminal sentence may have relied on the invalidated ACCA residual clause or whether Petitioner must show his sentence actually relied on the ACCA residual clause.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of June, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record